# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LEAF FUNDING, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   8:07CV249 |
| | ) |
| **MIDWEST CAMERA SERVICE,** | )   **MEMORANDUM AND** |
| **INC., JOHN LOZANO, and** | )   **ORDER** |
| **DONNA LOZANO,** | ) |
| | ) |
| **Defendants.** | ) |

This matter is before the magistrate judge by consent of the parties on the Motion for Summary Judgment [17] filed by plaintiff, LEAF Funding, Inc. ("LEAF"). For the reasons discussed below, the court finds that the motion should be granted.

## JURISDICTION

The court has diversity jurisdiction under 28 U.S.C. § 1332, because the plaintiff is a Delaware corporation with its principal place of business in the State of Delaware, the individual defendants reside in the State of Nebraska, the corporate defendant is a Nebraska corporation with its principal place of business in Nebraska, and the amount in controversy exceeds $75,000.

## FINDINGS OF FACT[1]

The court finds that the following facts are uncontroverted for purposes of this Motion for Summary Judgment.

---

[1] The briefing schedule expired on November 1, 2007, and the defendants did not respond to this motion. Under NECivR 56.1(b)(1), "[p]roperly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." Although the defendants did not respond, failure to file an opposing brief alone "shall not be considered to be a confession of the motion." NECivR 56.1(b)(2). Nothing in the local rule, however, excuses a party opposing a motion for summary judgment from meeting the party's burden under Rule 56 of the Federal Rules of Civil Procedure. *Id.*

1.    On or about June 24, 2004, Agfa Corporation, as Lessor, and defendant Midwest Camera Service, Inc. ("Midwest"), as Lessee, executed a Lease Agreement (the "Lease Agreement") with respect to certain equipment described within that agreement (the "Equipment "). Under the Lease Agreement, Midwest agreed to make 60 monthly payments of $2,559.98.

2.    Under the Lease Agreement, upon default, Midwest agreed to pay all past due and all remaining payments due, plus interest at the rate of 18% per annum or the maximum per annum interest rate permitted by law, to return the Equipment at its expense, and to pay the reasonable collection costs. A copy of the Lease Agreement is attached to the Complaint as "Exhibit A."

3.    The Lease Agreement provides, at paragraph 8:

ASSIGNMENT:  .... Lessor may assign or transfer this agreement and lessee waives notice of any such assignment. Lessee hereby waives any and all claims, setoffs, and defenses whatsoever against Lessor's assignee....

4.    To secure payment of the indebtedness under the Lease Agreement, on or about June 24, 2004, defendants John Lozano and Donna Lozano executed a Personal Guaranty under which they absolutely and unconditionally agreed to repay all monies owed by Midwest to Agfa Corporation or its assigns (the "Personal Guaranty"). A copy of the Personal Guaranty is attached to the Complaint as "Exhibit B."

5.    The Lease Agreement and the Personal Guaranty both provide that they are to be construed in accordance with the laws of the Commonwealth of Massachusetts.

6.    On or about August 27, 2004, the Equipment was installed at Midwest.

7.    Agfa Corporation assigned all of its rights under the Lease Agreement to AgfaPhoto USA Corporation ("AgfaPhoto"), and, on or about November 30, 2005, LEAF, as Purchaser, and AgfaPhoto, as Seller, executed a Purchase Agreement in which the Lease Agreement was assigned

to LEAF (the "Purchase Agreement"). A copy of the Purchase Agreement is attached to the Complaint as "Exhibit D." LEAF took the assignment for value in good faith. LEAF had no notice that Defendants had any claim or defense against Agfa.

8. Midwest failed to make monthly payments under the Lease Agreement when and as required and is in default under the Lease Agreement. LEAF repossessed and sold the Equipment and received $12,990.00 from the sale. As a result of this default, Midwest owes LEAF the sum of $93,510.00 (representing the outstanding balance on the Lease Agreement reduced by the amount received from the sale), plus interest at the rate of 18% per annum from and after February 21, 2007, and collection costs.

9. LEAF has performed all terms and conditions required of it to be performed under the Lease Agreement.

10. Under the Personal Guaranty, the Lozanos owe LEAF the sum of $93,510.00, plus interest at the rate of 18% per annum from and after February 21, 2007 and reasonable collection costs.

## CONCLUSIONS OF LAW

Under Fed. R. Civ. P. 56(c) (1987)[2], summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "To be a genuine issue of fact, the evidence must be

---

[2] Rule 56 was amended, effective December 1, 2007, "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Fed. R. Civ. P. 56, Advisory Committee Notes to 2007 Amendments.

such 'that a reasonable jury could return a verdict for the nonmoving party.'" *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, --- F.3d ----, No. 06-4141, 2007 WL 3254712 (8th Cir., Nov. 6, 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "To be a material fact, the factual issue must potentially 'affect the outcome of the suit under the governing law.'" *Id*.  "'Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

  **A.** **Liability on the Debt**

  In this case, the defendants do not dispute the existence or authenticity of the Lease Agreement, the Personal Guaranty, or the Purchase Agreement, all of which are attached as exhibits to the Complaint.  In their answer (Doc. 7), the defendants alleged that they "neither admit nor deny" LEAF's allegations concerning these documents "based on the fact that the documents speak for themselves."  The existence and content of the documents is, therefore, deemed admitted pursuant to Fed. R. Civ. P. 8(d) (1987).

  Based on the uncontroverted facts of record, the court finds that Midwest Camera Service, Inc. is in breach of the Lease Agreement and owes LEAF the amount of $93,510.00.  The court further finds that defendants John Lozano and Donna Lozano are jointly and severally liable to LEAF in the amount of $93,510.00 pursuant to the Personal Guaranty.

  **B.** **Prejudgment Interest**

  Citing Nebraska case law, LEAF requests an award of prejudgment interest on the $93,510.00 amount at the rate of 18% per annum from and after February 21, 2007.  The underlying

amount and the date of accrual are uncontested; therefore, the court finds that this debt is a liquidated debt. *See, e.g., Blue Valley Co-op. v. National Farmers Org.*, 257 Neb. 751, 764, 600 N.W.2d 786, 796 (1999) ("Liquidated claims are those where there is no reasonable controversy as to the plaintiff's right to recover or as to the amount of such recovery.").

Although LEAF seeks prejudgment interest pursuant to Nebraska law, the Lease Agreement and the Personal Guaranty both provide that they are to be construed in accordance with the laws of the Commonwealth of Massachusetts. It appears that Nebraska and Massachusetts both permit the court to award prejudgment interest on a liquidated debt.

> Under the law of Massachusetts,
>
> In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action.... If the date of the breach or demand is not established, such interest shall be added by the clerk of the court from the date of the commencement of the action.

Mass. Gen. Laws Ann. ch. 231 § 6C (1993) (Westlaw).

Nebraska law permits an award of prejudgment interest, which "shall accrue on the unpaid balance of liquidated claims from the date the cause of action arose until the entry of judgment." Neb. Rev. Stat. § 45-103.02(2). The documents executed by the parties contemplate an 18% interest rate.

Based on the uncontroverted facts of record, the court finds that LEAF is entitled to an award of prejudgment interest on the $93,510.00 debt, at the contractual rate of 18% per annum, from February 21, 2007 until the entry of judgment.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment [17] is granted.

2. Plaintiff's counsel shall submit a proposed Judgment to the undersigned, via email to Gossett@ned.uscourts.gov, and serve a copy on opposing counsel, no later than January 7, 2008.

**DATED December 18, 2007.**

                        **BY THE COURT:**

                        **s/ F.A. Gossett**
                        **United States Magistrate Judge**